IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JORGE LOERA,** | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Cause No. EP-25-CV-118-LS |
| | § | |
| **SANDRA HIJAR, Warden,** | § | |
|     Respondent. | § | |

## DISMISSAL ORDER

Petitioner Jorge Loera, federal prisoner number 20609-380, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. His petition is denied for the following reason.

## BACKGROUND

Loera is a 40-year-old inmate who filed this petition when he was confined at the La Tuna Federal Correctional Institution in Anthony, Texas, which is within the jurisdiction of this Court. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 20609-380, last visited June 29, 2025). His projected release date is August 1, 2034. *Id*.

Loera pleaded guilty to possession with intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). *See United States v. Loera*, 7:23-cr-00100-DC (W.D. Tex.), J. Crim. Case, ECF No. 43. He was sentenced to 156 months of imprisonment. *Id.* His appeal was dismissed. *United States v. Loera*, No. 23-50846, 2024 WL 3066043, at *1 (5th Cir. June 20, 2024).

In his § 2241 petition, Loera maintains that the Bureau of Prisons (BOP) has wrongfully denied him First Step Act (FSA) Earned Time Credits (ETCs) which would allow him "sentence reduction relief." Pet'r's Pet., ECF No. 1 at 1. He explains that "[t]he BOP is disqualifying [him]

from … credits due to a gun charge and conviction." *Id.* at 2. He argues, without citation, that "[t]he Supreme Court … has ruled that most if not all gun possession cases are non-violent and thus eligible for FSA relief." *Id.* He asks that the Court intervene on his behalf and "order Respondent to show cause why he is not entitled to First Step Act credits." *Id.* at 4.

## STANDARD OF REVIEW

A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

When a court receives a § 2241 petition, it accepts the allegations as true during its initial screening. 28 U.S.C. § 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). It also evaluates a petition presented by a *pro se* petitioner under a more lenient standard than it applies to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But it must still find "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Upon completing the initial screening, a court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## ANALYSIS

Loera asserts the BOP has wrongfully denied him ETCs based on his conviction for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Pet'r's Pet., ECF No. 1 at 2.

The FSA creates incentives to encourage prisoners to participate in evidence-based recidivism reduction (EBRR) programs and productive activities (PAs). 18 U.S.C. § 3632(d). It gives *qualifying* prisoners the opportunity to earn ten additional days of ETCs for every 30 days of successful participation in EBRR programs and PAs. *Id.* § 3632(d)(4)(A)(i). It allows *qualifying* offenders at a "minimum" or "low risk" of recidivating to earn an additional five days of ETCs if they did not increase their risk levels over two consecutive assessments. *Id.* § 3632(d)(4)(A)(ii). It permits *qualifying* inmates to apply ETCs toward prerelease community-based placement in a residential reentry center or home confinement. 18 U.S.C. § 3624(g)(2); 28 C.F.R. § 523.44(b)–(c). And, at the discretion of the BOP Director, it permits *qualifying* prisoners to apply ETCs toward their early release to supervision. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d).

But the FSA specifically *disqualifies* inmates with convictions under 18 U.S.C. § 924(c) "relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime" from earning ETCs. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii); *see also* 28 C.F.R. § 523.41(d)(2) ("If the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. § 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits").

Loera pleaded guilty to a drug offense and to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). *See United States v. Loera*, 7:23-cr-00100-DC (W.D. Tex.), J. Crim. Case, ECF No. 43. Consequently, he is not eligible to earn ETCs. 18 U.S.C. § 3632(d)(4)(D)(xxii).

Additionally, Loera "does not have a constitutional right to be released before the expiration of [his] valid sentence." *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998). His time credit calculations remain within the discretion of the Attorney General through the BOP. 18 U.S.C. § 3624(b). He fails to provide support for the conclusion that the BOP abused that discretion

3

when it denied him ETCs.

## CONCLUSION AND ORDER

Accordingly, it appears from Loera's petition that he is not in custody in violation of the Constitution or laws or treaties of the United States and that, as a matter of law, he is not entitled to § 2241 relief. Therefore, the Court enters the following orders:

**IT IS ORDERED** that Petitioner Jorge Loera's "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1) is **DENIED** and his cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this 29th day of June 2025.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**